CTC/jlb  #20-19418  06/26/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAROLINA DIAZ,

                                Plaintiff(s),

   -against-

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

                               Defendant(s).
------------------------------------------------------------------------X

**ANSWER**

Index No. CV-4856-07

The defendant INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA by its attorneys, MONTFORT, HEALY, McGUIRE & SALLEY, answering the complaint of the plaintiff, herein, respectfully shows to this Court and alleges:

### ANSWERING THE ALLEGED JURISDICTION AND VENUE

FIRST. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "1" and "2" of the complaint herein, and respectfully refers all questions of law to this Court.

### ANSWERING THE ALLEGED PLAINTIFFS

SECOND. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "3" of the complaint herein.

### ANSWERING THE ALLEGED FACTUAL ALLEGATIONS

THIRD. Upon information and belief, defendant denies each and every allegation set forth in paragraphs designated "5" and "6" of the complaint herein, except defendant admits that on or about April 18, 2005, Tidjoni Iya was a United States Diplomat for the United Nations representing his native company of Cameroon, his United States Department of State Diplomatic identification number is 4000-4836-52.

FOURTH. Upon information and belief, defendant denies each and every allegation set forth in paragraph designated "7" of the complaint herein, except defendant admits that Tidjoni Iya was the owner and operator of a motor vehicle with registration number 0067CWD and diplomatic plates.

FIFTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "9" and "11" of the complaint herein.

SIXTH. Upon information and belief, defendant denies each and every allegation set forth in paragraphs designated "10", "12" and "13" of the complaint herein.

SEVENTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "14" of the complaint herein, and respectfully refers all questions of law to this Court.

EIGHTH. Upon information and belief, defendant denies each and every allegation set forth in paragraphs designated "15", "16", "17", "18" and "19" of the complaint herein, and respectfully refers all questions of law to this Court.

NINTH. Upon information and belief, defendant denies each and every allegation set forth in paragraph designated "20" of the complaint herein except defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained therein which refer to injuries.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

TENTH. Upon information and belief, that the injury or injuries, if any, sustained by the plaintiffs at the time and place, or on the occasion referred to in the plaintiffs' complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the plaintiffs themselves, and the damages recoverable by plaintiffs, if any, shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs bear to the culpable conduct which

caused the damages.

TWELFTH.  Upon information and belief, the defendant INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiffs' complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE :

THIRTEENTH.  That in entering upon the activity upon which CAROLINA DIAZ was engaged at the time of the occurrence, the plaintiffs assumed the risk thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

FOURTEENTH.  Upon information and belief, plaintiffs' sole and exclusive remedy is confined and limited to the benefits and provisions of New York State Insurance Law, Article 51.

FIFTEENTH.  That if the plaintiffs did not sustain serious injuries as defined by Section 5102(d) of the Insurance Law of the State of New York, plaintiffs' exclusive remedies are confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

SIXTEENTH.  Upon information and belief, that the plaintiffs are prohibited from maintaining this cause of action by reason of the provisions of Article 51, Section 5104(a) of the Insurance Law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

SEVENTEENTH.  Upon information and belief, that if the occurrence in question happened as alleged in the plaintiff's complaint, and if the plaintiff failed to make use of an available restraining device in their vehicle, then the injuries alleged in said complaint were sustained, enhanced and/or exacerbated as a result of the failure of the plaintiff to make use of the aforementioned restraining device

and the defendants will be entitled to a reduction of the amount of damages to be recovered by plaintiff to the extent that those injuries, their enhancement and/or exacerbation were the result of said failure.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES :

EIGHTEENTH. Upon information and belief, that the injury or injuries, if any sustained by plaintiff at the time and place, or on the occasion referred to in plaintiff's complaint, and which it is alleged was the cause of plaintiff's injury or injuries, were sustained or so suffered by plaintiff's failure to make use of an available restraining device in plaintiff's vehicle, and were therefore so suffered or caused by the negligent act of the plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

NINETEENTH. Upon information and belief, that all or a part of plaintiffs' special damages have been paid or will be paid by collateral sources and no award should, in any event, be made for same.

WHEREFORE, defendant INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA demands judgment dismissing the complaint of the plaintiff herein, with costs and disbursements.

Dated: Garden City, New York
June 27, 2007

Yours, etc.,

MONTFORT, HEALY, McGUIRE & SALLEY

BY: _____
CHRISTOPHER T. CAFARO (CTC-3049)
Attorneys for Defendant(s), INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA
1140 Franklin Avenue
P.O. Box 7677
Garden City, New York 11530
(516) 747-4082

TO: LESCH & LESCH, P.C.
Attorneys for Plaintiff
860 Grand Concourse - Suite 2M
Bronx, New York 10451